UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: FEDERAL BUREAU OF PRISONS--HOME CONFINEMENT

NO. 2970

PETITIONER'S SUR-REPLY ADDRESSING THE GOVERNMENT'S OPPOSITION

The Government has not filed a Response that reflects the importance to all parties, of resolving thousands of cases, by adopting the settlement agreement reached by the inmate-plaintiffs at FCI-Danbury, in which many lives of non-violent inmates are in danger, due to the pandemic. The Department of Justice and its agency, the Federal Bureau of Prisons, should be ordered to adopt the Danbury settlement agreement, immediately, for the following reasons:

Two significant events have occurred since this action was initiated: The President of the United States and many of his staff have contracted the virus. If the President is unable to avoid contracting the virus, it is obvious that the Petitioner is unable to do so. The prison officials are unable to monitor use of mask, at all times, by its correctional staff and inmates, many of which are in prison for irresponsible behavior. The request for the transfer of all home confinement cases pursuant to the CARES Act, is about death or long term medical problems, that may occur due to the Petitioner's age and medical problems.

We all agree that social distancing and mask reduce the likelihood of contracting the virus. And, it is a fact, that in prisons, social distancing in open, crowded dorms, is impossible. Inmates at Danbury, Tallahassee, and many other federal prisons are living in open dorms and contracting the virus. These are facts that the Government does not address in their Response.

Second, at this time at least two-thirds of the inmates at FCI-Tallahassee are under a full lockdown. The unit where the Petitioners are held, A-Unit, is the ONLY unit that has not had a case of the virus. Some units are on their second round of a full lockdown. The prison continues to accept new inmates and they arrive with the virus.

It is unlike that A-Unit will avoid the virus because, once again, the Warden has moved inmates around, and A-Unit has become the dorm for inmates that have close contact with the correctional staff. Everytime this is done, that unit becomes infested with the virus. The Petitioner is pleading for swift action by the Panel and the district court. Every unit, with the exception of the Petitioner's present unit, has had multiple cases of the virus because the warden is moving inmates from one unit to another. Also, the US Marshall service continues to bring inmates with the virus.

The correctional administative officials at Tallahassee are not honest about reporting the true number of COVID-19 cases. For example, FCI-Waseca, has reported that 77% of their inmates have the virus. The living conditions at Waseca are less susceptible to the virus, because many of the inmates live in room with 3 or 4 other inmates, and the room is large.

At FCI-Tallahassee, 70% of inmates are in open dorms, overcrowded, as described in the Martinez-Brooks case. Other prisons in the country are about the same, continuing rise of cases in the prisons.

The Petitioner objects to the following claims made by the Government:

1. Martinez-Brooks v. Easter, No. 3:20cv569 (D. Conn.) is not a closed case. The district court has retained jurisdiction over the case. Additionally, if the Panel agrees to transfer the cases to the District of Connecticut, pursuant to Section 1407, the district court has jurisdiction over any civil actions transferred by this court.

2. The Government cites Section 1404(a), a statute that is not applicable to this case. We are aware that a Section 2241, habeas actions, must be filed in the district in which the inmate is in custody. Section 1407, which authorizes this Panel to transfer the cases, states that after the transfer is made, the district court has jurisdiction over all cases. We seek consistency in the review of inmates to be transferred to home confinement, as this Panel has held in In re: Takata Airbags Prods. Liability Litigation, MDL No. 2599.

3. Inmates in federal custody, have access to the LEXIS NEXIS system to perform legal research. On the day that this document is signed, 776 cases had been decided on the claims for transfer to home confinement pursuant to the CARES Act. The Petitioner does not have access to a system that shows how many cases remaining pending. Fleming v. Warden Strong was filed in April 2020. Six months later, there is been no final decision. The Martinez-Brooks case was filed in April 2020 and a settlement was reached. Court move at different speeds, with different outcomes, on the same facts. Centralizing these cases would lessen the amount of different decisions.

4. The Government states "The application home confinement is based on a number of variables unique to each institution an each inmate being considered. No two institutions are [a]like." This is not a true statement. All prison wardens received the same criteria to make a decision on whether an inmate will be transferred to home confinement. Please review the following case: United States v. Pena, No. 16-10236-MLW, LEXIS 94127, (D. Mass. May 29, 2020); Wilson v Ponce, No. CV-20-4451-MWF, (C.D. Cal. June 10, 2020); Livas v. Myers, No. 2:20-cv-00422, LEXIS 71323 (W.D. La., April 22, 2020); and United States v. Reynolds, No. 07-cr-178-pp, LEXIS 109067 (E.D. Wis. June 22, 2020), all referencing the PATTERN score and other criteria to be used before an individual determination is met. Judge Shea, in the Martinez-Brooks case, granted a preliminary injunction, holding

that the Respondent warden at FCI-Danbury was deliberately indifferent because she failed to utilize home confinement to stop the spread of the virus. The district court found the conditions were unconstitutional and the parties entered into a settlement agreement that should be applicable to all federal prisons.

5. The Government does not address why transferring all cases to the District of Connecticut would cause the Government any harm. It would not cost the Government anything to apply this settlement agreement to all federal prisons. It is in the interest of justice that all inmates that are similarly situated be reviewed under the same guidelines. There are inmates at FCI-Tallahassee, with cancer, non-violent, white collar women inmates, older, that the prison officials refuse to grant transfer to home confinement.

6. The Government states that the district court in Florida is "well-suited and equipped to resolve any pending issues." The Petitioner and inmates throughout the United States are seeking equal treatment under the law. In a case such as this, the inmates are no different than consumers that filed lawsuits against Toyota due to faulty air-bags. If these cases had not been centralized, there would have been inconsistency in relief granted, based on different circuits case law precedents. The Government's Response is mainly conclusory statements. Conclusory allegations and unsubstantiated assertions, without facts and evidence do not meet the standard to bar transfer. The Government fails to present evidence and facts showing how the review of inmates for transfer is different among federal prisons in Danbury, Tallahassee, and Carswell. Alls wardens received the same criteria/guidance from the BOP Central Office in DC. The Martinez-Brooks case explains in detail how wardens throughout the BOP have reviewed inmates from the guidance given to them by the Director of the BOP.

7. Last, but of great importance: How to implement the application of the settlement agreement, nationwide. There is recent, nationwide precedent and in some cases the detained persons utilized Section 2241 and the Flores Settlement Agreement, C.T. M. Moore, No. 3:20-cv-540-B (N.D. Texas July 2020), citing, Flores v. Reno, No. CV-85-4544-RJK (C.D. Cal. Jan. 17, 1997). This case is no different. It is actually very simple. Judge Shea has issued a preliminary injunction and approved a settlement agreement. The Central Office of the BOP can easily send this new guidance based on the settlement agreement that has already been negotiated by government attorneys and pro bono attorneys in Connecticut.

CONCLUSION
The Petitioner mimicked the filings of well trained attorneys, seeking the same relief that was obtained for federal inmates in Connecticut. The Petitioner has cited case law that clearly proves the appropriateness of transfer and the BOP has a "Non-Discrimination Against Inmates" rule, which is being violated.

Pursuant to Section 1407, all cases that are filed in the United States District Courts, which are challenging the unconstitutional criteria used by wardens of the Federal Bureau of Prisons, should be immediately transferred to the Connecticut District Court.

If the Federal Bureau of Prisons is ordered to comply with the Martinez-Brooks settlement agreement, granting the transfer of many cases now pending, it will stop the filing of more civil actions, and conserve judicial resourses.


Respectfully Submitted,

Rhonda Fleming, Petitioner
10/07/2020

FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314

CERTIFICATE OF SERVICE

Counsel is served by the electronic filing of this document by the Panel's Clerk.

Rhonda Fleming

Sent from my T-Mobile 4G LTE Device